Michael SANDERS, Plaintiff,

v.

**DEPARTMENT OF CORRECTIONS,
et al., Defendants.**

No. 93 C 815.

United States District Court,
N.D. Illinois, E.D.

March 15, 1993.

Michael Sanders, pro se.

No appearance filed for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Michael Sanders ("Sanders") has tendered for filing in forma pauperis a self-prepared Complaint for damages against state prison officials under 42 U.S.C. § 1983 ("Section 1983"). Sanders asserts that defendants violated his constitutional rights when they opened his legal mail before delivering it to him.

As proffered, the Complaint suffers from several technical defects: It lacks a signature, it is not properly venued in this judicial district and it is not accompanied by sufficient copies to permit service on defendants. But requiring Sanders to correct those technical deficiencies would serve no useful purpose, for the Complaint suffers a more fundamental and irremediable defect: It is "frivolous" as a matter of law within the meaning of *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and *Denton v. Hernandez*, — U.S. —, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).[1]

All of the legal mail at the center of this dispute was sent to Sanders by the Clerk of this District Court. Sanders has attached to the Complaint three examples of mail that was opened outside of his presence:

    1. a copy of a Fed.R.Civ.P. 58 judgment dismissing a habeas corpus petition

---

**1.** In particular, there is no reason to transfer it to the Central District of Illinois just so that a district judge there would be called upon to enter the same dismissal order that is being entered here.

that Sanders had filed in this District Court;

2. a computer-generated notice that the Clerk typically sends to the parties to inform them of an order entered in their case; and

3. a letter from a deputy clerk acknowledging the receipt of a document that Sanders submitted for filing in his habeas corpus case.

Sanders alleges that defendants opened those items "to learn the legal implications of this inmates cases. They devastated plaintiff's sanity and mind, trying to intimidate plaintiff from saying or suiting them, Its works on ones mind."

In ruling on Sanders' in forma pauperis application this Court must, of course, accept as true the allegation that defendants' actions have "devastated Sanders' sanity." But an arguable claim under Section 1983 requires not only injury but facts showing (or implying) that it stemmed from a violation of constitutional rights (see *Volk v. Coler*, 845 F.2d 1422, 1430 (7th Cir.1988)). And even with the liberal construction that is accorded to pro se pleadings (*Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam)), what is set out in the Complaint does not suggest that defendants violated any rights protected under the Constitution.

Mail from an attorney to an inmate is privileged and, if properly marked, can be opened by prison officials only in the presence of the inmate to whom it is addressed (*Wolff v. McDonnell*, 418 U.S. 539, 574–77, 94 S.Ct. 2963, 2983–85, 41 L.Ed.2d 935 (1974)). But the First Amendment[2] does not forbid prison officials from opening and reading non-privileged mail sent to an inmate (*Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir.1986)). Although Illinois prison officials at one time treated letters from Clerks of Court as privileged, they no longer do so. That change in policy is not subject to challenge on First Amendment grounds, because

such mail is not privileged in the constitutional sense (*Stone–El v. Fairman*, 785 F.Supp. 711, 716 (N.D.Ill.1991)). After all, the Clerk does not render legal advice to inmates. Instead, his job is to file pleadings and other documents, maintain the court's files and inform litigants of the entry of court orders. As *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir.1987) put it:

> With minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.

In light of that background, it is clear that there is nothing privileged in the nature of the court mail that prison officials opened in this case. All of that mail concerned matters of public record in Sanders' habeas case. Prison officials would gain no advantage over him even if they had opened and closely read the mail. Indeed the letters from the Clerk, which had nothing to do with prison operations, would have had little interest for them. Defendants had no stake in the outcome of a habeas corpus petition challenging Sanders' conviction.

In sum, Sanders had no constitutionally actionable basis for feeling devastated by defendants' actions. Certainly their opening of mail from the Clerk did not impinge upon, let alone violate, his constitutional rights.

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Sanders' motion for leave to file in forma pauperis (see *Neitzke*). In accordance with the procedure prescribed by *Denton*, —— U.S. at ——, 112 S.Ct. at 1734, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Sanders is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed

---

**2.** As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the First Amendment's underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Sanders should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed. R.App.P. 38).